IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| EARL D. BARRS,<br>*Plaintiff,*<br><br>v.<br><br>AUTO-OWNERS INSURANCE<br>COMPANY,<br>*Defendant.* | CIVIL ACTION NO.<br>5:19-cv-00494-TES |

## ORDER

This case arises from a *Coblentz*[1] agreement between Plaintiff Earl Barrs and

Defendant Auto Owners Insurance Company's insured, AAA General Contractors, Inc.

("AAA"). *See generally* [Doc. 1-1].

In the underlying case, Defendant refused to defend AAA, citing a lack of

coverage. [*Id.*]. The parties to that case then negotiated a settlement agreement between

themselves. [*Id.*]. In that agreement, Plaintiff and AAA agreed on a consent judgment in

the amount of $557,550.00, and AAA assigned its rights to indemnity under its

commercial general liability policy (the "Policy") to Plaintiff. [Doc. 1-1, p. 22]. He then

initiated this action, seeking to enforce the consent judgment against Defendant. [Doc.

1-1].

---

[1] *Coblentz v. American Surety Company of New York*, 416 F.2d 1059 (5th Cir. 1969).

Following discovery, the parties submitted cross-motions for summary judgment, asking the Court to decide if AAA's Policy covered the claims underlying Plaintiff's consent judgment. [Doc. 38, p. 1]. During arguments on those motions, the Court attempted to help the parties refine their arguments by instructing the parties that Georgia law governed the case. [Doc. 35].

Following supplemental briefing, the Court granted in part and denied in part each parties' motion. [Doc. 38, p. 1]. The Court held that Georgia law applied to the action, and the Policy provided coverage for "Plaintiff's claims of negligent hiring and retention and negligent supervision only to the extent that they seek damages for the stolen lumber and other building materials." [*Id.* at p. 38]. But the Court found the Policy did not cover claims based on faulty workmanship or improper deconstruction. [*Id.*]. As a result, the Court concluded that "Defendant is obligated to cover those sums that AAA is legally obligated to pay under the terms of the Policy." [*Id.*].

After that decision, the Court allowed the parties to reopen discovery. [Doc. 40]. Defendant once again filed a summary-judgment motion, this time asking the Court to bar all claims of recovery because the settlement agreement didn't allocate between covered and non-covered claims, citing Alabama and Florida law to support its proposition. [Doc. 46]. Defendants did not argue fraud or collusion—the only recognized defense to enforcement of a *Coblentz* agreement.[2] Rather, Defendant

---

[2] *See Stephens v. Mid-Continent Cas. Co.*, 749 F.3d 1318, 1321 (11th Cir. 2014).

continued to ask the Court to follow Alabama and Florida law and require specific

allocation of a settlement agreement across various claims, notwithstanding the Court's

previous decision that Georgia law governed this dispute. [*Id.*]. The Court declined that

invitation. Instead, the Court held that since Defendant did not argue fraud or

collusion, there was no other basis for challenging the underlying consent judgment.

[Doc. 52, p. 10]. Based on these rulings, the Court put Defendant on notice that there

was nothing left to do besides enter judgment in favor of Plaintiff. The Court gave both

parties 10 days to respond and show cause why the Court shouldn't do so. [*Id.* at p. 11].

The parties responded accordingly. *See* [Doc. 53]; [Doc. 54].

In its response, Defendant acknowledged the Court's authority to take such

action, and re-asserted previous arguments to "preserve its appellate issues." [Doc. 54,

p. 2]. Once again, Defendant did not argue fraud or collusion, but asserted the same

grounds that the Court rejected in its previous summary-judgment motions. *See*

*generally* [Doc. 54]. As such, there are no remaining issues to be decided in this action.

Federal Rule of Civil Procedure 56(f) grants courts authority to enter judgment

independent of a motion, as long as the court gives "notice and a reasonable time to

respond." Fed. R. Civ. Pro. 56(f). That applies to summary judgment, too. Fed. R. Civ.

Pro. 56(f)(3). Indeed, Eleventh Circuit precedent gives courts wide discretion in granting

summary judgment sua sponte in cases where the evidentiary record is fully developed,

and the parties receive adequate notice. *See Artistic Ent., Inc. v. City of Warner Robins*, 331

F.3d 1196, 1201–02 (11th Cir. 2003) ("[W]here a legal issue has been fully developed, and the evidentiary record is complete, summary judgment is entirely appropriate even if no formal notice has been provided."); *see also Burton v. City of Belle Glade*, 178 F.3d 1175, 1204 (11th Cir. 1999) ("[S]o long as the party against whom judgment will be entered is given sufficient advance notice and has been afforded an adequate opportunity to demonstrate why summary judgment should not be granted, then granting summary judgment sua sponte is entirely appropriate.").

In this action, the parties briefed and argued 3 motions for summary judgment. *See* [Doc. 26]; [Doc. 27]; [Doc. 46]. Even after ruling on the latest motion, the Court gave the parties an additional 10 days to file responses to its Order to Show Cause—with notice that the Court intended to grant judgment sua sponte in favor of Plaintiff.[3] [Doc. 52]. Taken together, that means Defendant has had at least 7 opportunities to argue its case. *See* [Doc. 26]; [Doc. 31]; [Doc. 33]; [Doc. 37]; [Doc. 46]; [Doc. 51]; [Doc. 54]. The Court easily finds that Defendant received a full and complete opportunity to make its case and to have its arguments considered. Defendant took that opportunity, made its case, and the evidentiary record is complete.[4] The Court has fully heard the parties and

---

[3] A previous version of Federal Rule of Civil Procedure 56(c) required 10 days' notice before a court could enter judgment sua sponte. However, the current version of the Rule requires only "notice and a reasonable time to respond." Fed. R. Civ. Pro. 56(f); *see also Lance Toland v. Phoenix Ins. Co.*, 855 F. App'x 474 (11th Cir. 2021) (finding one days' notice was sufficient when the evidentiary record is complete).

[4] The Court notes discovery closed on April 18, 2022, and the dispositive motion deadline passed on May 18, 2022. [Doc. 40].

ruled on all motions and disputed issues. To require Plaintiff to formally make a motion for summary judgment when the parties and the Court know how it will come out just doesn't seem like an efficient use of the Court's time and the parties' money.  Moreover, Defendant has made it clear that it is eager to appeal the Court's various rulings and, given the novel questions presented, the Court certainly expects the Eleventh Circuit to take a separate look at these issues. This is the easiest and most efficient way to get the case to the appellate court.

Accordingly, the Court **GRANTS** summary judgment in favor of Plaintiff in the amount of $557,500.00. The Clerk shall **ENTER** judgment and **CLOSE** this case.

**SO ORDERED**, this 4th day of October, 2022.

TILMAN E. SELF, III, JUDGE
UNITED STATES DISTRICT COURT